

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### *Greenbelt Division*

In Re:                                  *

William Travis Starner                  *   Case No. 14-20930-WIL
                                            Chapter 13
    Debtor                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Before the Court is the Interim[1] Application for Compensation and Reimbursement of Expenses of Counsel for Debtor (the "Fee Application"). No objections to the Fee Application have been filed. However, this Court set the matter for hearing on August 16, 2016, in order to assess the reasonableness of the fees requested by Debtor's Counsel, Brett Weiss, and took the matter under advisement after the hearing. For the following reasons, Mr. Weiss is allowed fees in the amount of $9,300.00 and reimbursement of expenses in the amount of $211.50 for legal services provided to the Debtor from May 5, 2014 to January 12, 2016.

    **I.**    **Background**

By way of background, the Debtor filed a Voluntary Chapter 13 Petition on July 10, 2014. On the same day, Mr. Weiss filed a Bankruptcy Rule 2016(b) Disclosure of Compensation (the "Disclosure of Compensation"), stating that he had accepted $3,645.00 as a retainer and that

---

[1] As Counsel for the Debtor notes in the Fee Application, absent unanticipated events, there will be no further fee application.

he would charge $495.00 per hour for providing legal services throughout the case. On the Disclosure of Compensation, Mr. Weiss explained the services he intended to provide in the bankruptcy case:

> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
> b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
> c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
> d. [Other provisions as needed]

Debtor's Chapter 13 case proceeded as a routine Chapter 13 case with the only wrinkle being the Debtor's dispute with his ex-spouse. On September 20, 2014, the Debtor's ex-spouse, Rebekah Starner, filed a Motion for Relief from Stay (the "Motion for Relief from Stay"), seeking to proceed in state court to enforce alleged Domestic Support Obligations, and she also filed an Objection to Confirmation of Debtor's Chapter 13 Plan (the "Objection to Confirmation"). Ms. Starner then filed a Motion to Convert the Case from Chapter 13 to Chapter 7, or Dismiss the Case (the "Motion to Convert") on October 28, 2014. Additionally, on October 20, 2014, Ms. Starner filed an adversary proceeding in which she sought to have the case dismissed or converted pursuant to 11 U.S.C. § 1307 (c)[2] based on allegations that the Debtor had failed to adequately disclose assets (the "Adversary Proceeding"). Ms. Starner also sought a determination that Domestic Support Obligations of the Debtor were non-dischargeable pursuant to Sections 523(a)(5) and 1328(a)(2).

All of these contested matters were resolved expeditiously by consent or without prolonged opposition. With respect to the Motion for Relief from Stay, Mr. Weiss filed a one page response and failed to appear at the hearing on the matter on October 16, 2014.

---

[2] Hereinafter references to provisions of the United States Bankruptcy Code will be referred to as "Section."

Accordingly, this Court granted the Motion for Relief from Stay.  On January 2, 2015, Ms. Starner withdrew the Objection to Confirmation and the Motion to Convert.  Finally, this Court dismissed the Adversary Proceeding on January 16, 2015 after Ms. Starner filed a Motion to Dismiss.

Subsequent to the resolution of the contested matters, Seterus, Inc. filed a Motion for Relief from Stay (the "Second Motion for Relief from Stay"), which was resolved by a consent order after Mr. Weiss filed a one page response of no opposition.  The Debtor's Chapter 13 Plan was confirmed on August 18, 2015, and this Court entered an Order Confirming the Chapter 13 Plan on September 2, 2015.  The Chapter 13 plan pays creditors $9,760.00 over a period of 36 months.

After confirmation of the Debtor's Chapter 13 plan, the only notable occurrence in the case was that the Debtor filed an Emergency Motion to Borrow (the " Emergency Motion to Borrow") on December 23, 2015, and an accompanying Motion to Shorten Time, so that the Debtor could purchase a 2014 Chevrolet Malibu.  The Court granted the Emergency Motion to Borrow without a hearing after no objections were filed.

**II.    The Application**

On February 23, 2016, Mr. Weiss filed the Fee Application, requesting $14,602.50 in fees and $211.50 in expenses for work performed between May 5, 2014 and January 12, 2016. Mr. Weiss submitted time records that showed he performed 27.3 hours on the case as well as 2.2 hours on preparing the Fee Application, for a total of 29.5 hours.  Mr. Weiss charged an hourly rate of $495 per hour during the course of the case.  He explained his rationale for opting out of the flat fee of $4,500[3] provided by Appendix F to the Local Bankruptcy Rules for

---

[3] Appendix F was revised on August 1, 2016 to allow a flat fee of $4,625.00 for representation for all matters in the main case.  However, because this case was filed on July 10, 2014, the

3

representation for all matters in the case as follows:

> The primary cause of the filing was the separation of the Debtor from his ex-spouse and their divorce, and matters related to property and agreements under their Voluntary Separation and Property Settlement Agreement. Because it was anticipated that there would be litigation over these issues, it was agreed between Applicant and the Debtor that Applicant would be compensated on a hourly basis, rather than pursuant to a flat fee under Appendix F.

Although no objections to the Fee Application were filed, this Court set the Fee Application in for hearing on August 16, 2016 (the "Hearing") in order to assess the reasonableness of the fee requested because the time records did not evidence work performed beyond what is ordinarily performed in a Chapter 13 case, and the fees requested by Mr. Weiss exceeded the principal plan funding. At the Hearing, this Court expressed concern that Mr. Weiss' fee request of $14,602.50, which is more than $10,000 over the customary $4,500 flat fee provided by Appendix F, was unreasonable given that the case turned out to be a relatively routine Chapter 13 case. Mr. Weiss explained that the nature of the Debtor's domestic dispute was the primary reason for charging his hourly rate instead of the flat fee and that he had worked diligently to resolve the domestic dispute. Furthermore, Mr. Weiss stated that the success in resolving the domestic dispute justified his requested fee. Finally, Mr. Weiss explained that the Debtor had agreed to file an amended plan to assure that the Plan is not underfunded. The Court took the matter under advisement to assess the reasonableness of the fees.

### III.    Legal Standard

It should be noted from the outset that Appendix F of the Local Rules does not require counsel to charge a flat fee in representing Chapter 13 debtors. *See* App'x F to the Local Bankruptcy Rules ("Nothing in this Appendix F shall preclude, restrict, or prohibit counsel from entering into fee arrangements different from those arrangements described…above.").

---

$4,500 flat fee would have been applicable in this case.

4

However, when Chapter 13 counsel opts out of the Appendix F flat fee, the compensation sought is no longer presumptively reasonable, and the Court has the power to review the fees sought. *See In re* Kestner, No. 12-32831-RAG, 2015 WL 1855357, at *11 (Bankr. D. Md. 2015) (discussing the history of Appendix F and stating that the fee arrangements listed in Appendix F are presumptively reasonable). Specifically, Section 329 allows the Court to review the reasonableness of compensation paid to an attorney and allows the Court to cancel an agreement or order the return of any payment to an attorney to the extent it is excessive. Section 329 (b). Furthermore, Federal Rule of Bankruptcy Procedure 2017 (b) provides:

> (b) *Payment or Transfer to Attorney After Order for Relief.*
> On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

Rule 2017(b). Therefore, it is clear that the Court has the power to review attorney's fees to determine whether they are reasonable or excessive. As set forth in *In re Courtois*, 222 B.R. 491 (Bankr. D. Md. 1998), in addition to having the power to review fees, the Court has an obligation to do so:

> Beyond possessing the power we think the bankruptcy court has a *duty* to review fee applications, notwithstanding the absence of objections…a duty which the Code does not expressly lay out but which we believe derives from the court's inherent obligation to monitor the debtor's estate and serve the public interest.

*Courtois*, 222 B.R. at 494 (quoting *In re Yates,* 217 B.R. 296, 300 (Bankr. N.D. Okla. 1998)). Furthermore, "[t]he attorney requesting compensation from the bankruptcy estate bears the onus of demonstrating to the court that the services performed and fees incurred were reasonable." *Id.* at 495 (internal citation omitted). The Court can determine whether the requested fee is

reasonable based upon its experience and if it concludes that the request is unreasonable, the Court may make certain deductions. *Id.* (internal citations omitted).

To determine the reasonableness of fees, applications for compensation are analyzed under a hybrid of the lodestar analysis and a twelve-factor test, which was first expressed in *Johnson v. Georgia Highway Express, Inc.*¸488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978). The twelve *Johnson* factors are:

 (1) the time and labor expended;
 (2) the novelty and difficult of the question raised;
 (3) the skill required to properly perform the legal services rendered;
 (4) the attorney's opportunity costs in pressing the instant litigation;
 (5) the customary fee for like work;
 (6) the attorney's expectations at the outset of the litigation;
 (7) the time limitations imposed by the client or circumstances;
 (8) the amount in controversy and the results obtained;
 (9) the experience, reputation and ability of the attorney;
 (10) the undesirability of the case within the legal community in which the suit arose;
 (11) the nature and length of the professional relation between attorney and client; and
 (12) attorney's fees awards in similar cases.

*In re Vu*, 366 B.R. 511, 521 (D Md. 2007) (internal citation omitted). In *Anderson v. Morris*[4], the United States Court of Appeals for the Fourth Circuit recognized that the *Johnson* factors are difficult to quantify because some factors are overlapping, "'" and there is no guidance as to the relative importance of each factor, or indeed, how they are to be applied in a given case.'" 658 F.2d 246, 249 (4th Cir. 1981) (citing *Northcross v. Bd. Of Educ. Of Memphis City Schools*, 611 F.2d 624, 642 (6th Cir. 1979)). Accordingly, in *Anderson*, the Fourth Circuit provided further

---

[4] In *Bernstein by Bernstein v. Menard*, 728 F.2d 252, 253 n.1 (4th Cir. 1984), the Fourth Circuit noted that it was no longer following the holding in *Anderson* that an order is not final until a request for attorney's fees under 42 U.S.C. § 1988 had been decided. However, it is clear that the Fourth Circuit limited its refusal to follow the holding in *Anderson* to the issue of whether an order is final or not, which is unrelated to the Fourth Circuit's analysis of the *Johnson* factors in that case.

guidance on application of the *Johnson* factors:

> The Court of Appeals of the Fifth Circuit, progenitor of the Johnson factors, has recognized these problems. It therefore has instructed district courts to first ascertain the nature and extent of the services supplied by the attorney from a statement showing the number of hours worked and an explanation of how these hours were spent. The court should next determine the customary hourly rate of compensation. These are essentially Johnson factors 1 and 5. The court should then multiply the number of hours reasonably expended by the customary hourly rate to determine an initial amount for the fee award. Finally, the court should adjust the fee on the basis of the other factors, briefly explaining how they affected the award. *In re First Colonial Corp. of America*, 544 F.3d 1291, 1298–1300 (5th Cir. 1977). *See also Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 581–84 (5th Cir. 1980). We endorse this manner of applying the Johnson factors.

*Id.*

**IV. Analysis**

According to *Anderson*, the first step the Court must take is to ascertain the nature and extent of the services supplied by Mr. Weiss in the case. 658 F.2d at 249. In the Fee Application, Mr. Weiss groups the legal services provided into five categories: (1) Initial Services; (2) Ex-Spouse Motions; (3) Plans and Confirmation; (4) General Representation/Advisement; (5) Preparation of the Fee Application.

The first category is "Initial Services," which includes Mr. Weiss' initial consultation with the client, the filing of a bare bones petition, the filing of a motion to extend time, and Mr. Weiss' attendance at the Meeting of Creditors. At the Hearing, Mr. Weiss explained that some of the initial consultation involved a discussion of the domestic relations issues, which this Court recognizes is not typical in every Chapter 13 case. However, reviewing the time in this category, this Court is concerned that Mr. Weiss completed all the services himself without the aid of a paralegal or associate. Specifically, this Court notes several time entries in this category that could have been performed by a paralegal or associate under Mr. Weiss' supervision: (1) 7/9/2014 - Prepare "bare bones" petition and documents (.7 hours); (2) 7/11/2014 – Letter to

7

client re: filing (.2 hours); (3) 7/17/2014 – Letter to client re: Meeting of Creditors and Confirmation hearing (.2 hours); and (4) 8/4/2014 – Prepare draft Schedules, SoFA, Plan (1.5 hours). Although this Court is not suggesting that Mr. Weiss hire a paralegal, many attorneys who do not have paralegals will reduce their fee or delegate the task to an associate with a lower hourly rate when performing administrative tasks such as these.

The second category of tasks is entitled "Ex-Spouse Motions." Mr. Weiss spent 5.2 hours resolving the dispute with the Debtor's ex-spouse. The Court notes that the tasks performed here are not necessarily ordinary in a Chapter 13 case. However, at the Hearing and in the Fee Application, Mr. Weiss represents that he spent "extensive time" assisting the Debtor and amicably resolving the matters involving his ex-spouse without contested discovery and trial. Mr. Weiss should be commended for his efforts to resolve the controversy with Debtor's ex-wife, but the invoice submitted does not evidence that Mr. Weiss spent "extensive time" resolving the dispute with Debtor's ex-wife. This Court can only give credit for the time reflected in the Fee Application, and the time records attribute a total of 5.2 hours to resolution of the domestic relations disputes.

The third category is "Plans and Confirmation." Mr. Weiss spent 6.9 hours drafting and filing four Chapter 13 plans, which led to the confirmation of the Debtor's Chapter 13 Plan on September 2, 2016. The only comment this Court makes with respect to this category is that Mr. Weiss spent at least an hour sending letters to his client, which again could have been performed by a paralegal, associate, or at a reduced administrative hourly rate.

The fourth category is "General Representation/Advisement." Mr. Weiss notes that he spent time discussing strategy and procedure with his client throughout the course of the case. Moreover, this category includes the time spent by Mr. Weiss advising and handling the Second

Motion for Relief from Stay filed by Seterus and the Emergency Motion to Borrow.  The Court does not take issue with the time spent in this category.

Finally, the fifth category is "Preparation of This Fee Application."  At the Hearing, this Court expressed concern that a charge of $1,049.00 was excessive for preparation of the Fee Application.  Accordingly, Mr. Weiss voluntarily agreed to reduce the charge in this category to one hour of time.

Next, pursuant to *Anderson,* this Court must review the customary rate for a consumer Chapter 13 case.  658 F.2d at 249.  In the Fee Application, Mr. Weiss explains that his hourly rate of $495 "…[is] on information and belief, consistent with or less than rates charged in similar matters by other bankruptcy counsel with Applicant's background, experience, and stature."  This Court has presided over thousands of Chapter 13 cases and reviewed numerous fee disclosures in Chapter 13 cases.  Mr. Weiss' hourly rate of $495 is one of the highest rates charged in a Chapter 13 case based on this Court's experience.  After reviewing fee disclosures in more than 100 Chapter 13 cases for the purposes of this opinion, this Court was only able to discern the hourly rates of eleven Chapter 13 attorneys because the vast majority of attorneys in Chapter 13 cases opt to take the flat fees provided for in Appendix F.  For the eleven attorneys who did disclose their hourly rate, their rates ranged from $213.75 per hour to $495.00 per hour, with $495.00 being the clear outlier.  If this Court includes Mr. Weiss' hourly rate, the average amount charged per hour of the twelve attorneys who disclosed their hourly rate is $336.25.

This Court does not seek to impose a standard hourly rate in this case or in any case because there is generally no standard fee in a Chapter 13 case.  However, this Court notes that based on its considerable experience and the disclosed rates of Chapter 13 counsel, Mr. Weiss' hourly rate of $495.00 is substantially higher than that of most Chapter 13 attorneys.  *See*

9

*Courtois*, 222 B.R. 491 at 495 (internal citation omitted) ("The bankruptcy court may determine whether the requested fees are reasonable based upon its considerable background in such matters [.]").  Moreover, this Court was able to discern five amounts charged by paralegals in Chapter 13 cases, which ranged from $116.25 to $150 with the average rate equaling $134.25 per hour.  Again, this Court recognizes there is no standard hourly rate for paralegals, but this number is taken into consideration when reviewing Mr. Weiss' time that could have been performed by a paralegal, associate, or at a reduced administrative rate.

Next, pursuant to *Anderson*, this Court must ascertain the number of hours reasonably expended in a case such as this.  658 F.2d at 249.  After deducting the 1.2 hours Mr. Weiss voluntarily agreed to waive for his preparation of the Fee Application, Mr. Weiss spent a total of 28.3 hours on this case.  This Court does not believe the amount of time spent on this case was unnecessary or excessive.  However, as previously stated, this Court is concerned that many of the tasks performed could have been performed by a paralegal, associate, or at a reduced administrative expense.  Specifically, the following entries fall under this category: (1) 7/9/2014 - Prepare "bare bones" petition and documents (0.7 hours); (2) 7/11/2014 - Letter to client re: filing (0.2 hours); (3) 7/17/2014 - Letter to client re: Meeting of Creditors and Confirmation hearing (0.2 hours); (4) 7/25/2014 - Prepare and file Motion to Extend Time (0.2 hours); (5) 8/4/2014 - Prepare draft Schedules, SoFA, Plan (1.5 hours); (6) 8/28/2014 - Letter to client re: Meeting of Creditors documents (0.2 hours); (7) 12/22/2014 - Prepare and file Motion to Extend Time to file Chapter 13 Plan (0.2 hours); (8) 4/17/2015 - Letter to client re: Confirmation (0.2 hours); (9) 04/24/2015 - Letter to client re: Monthly Business Report forms. Letter to client re: document requests from Trustee (0.4 hours); (10) 07/6/2015 - Letter to client re: Confirmation (0.2 hours); and (11) 09/02/2015 – Letter to client re: Confirmation (.2 hours).

Finally, this Court must undertake an analysis of the *Johnson* factors in order to determine the final fee amount:

(1) *Time and labor expended.* This Court has already discussed the extent of the services provided. Although the time spent on the case was not unreasonable, at least 4.2 hours of work previously identified could have been performed by a paralegal under Mr. Weiss' supervision, an associate, or at a reduced administrative rate.

(2) *Novelty and difficult of questions raised.* The domestic dispute in this case is not novel, but is not an ordinary occurrence in a typical Chapter 13 case. This Court recognizes the difficulty that may come with resolving the First Motion for Relief from Stay, the Objection to Confirmation, the Motion to Convert, and the Adversary Proceeding. However, nothing manifested in the case that presented any challenges, and all matters were resolved consensually and without controversy.

(3) *The skill required to properly perform the legal services rendered.* Ordinary skill was required in this instance.

(4) *The attorney's opportunity costs in pressing the instant litigation.* Mr. Weiss states in the Fee Application that by representing the Debtor, he was unable to represent as many clients as he otherwise could. Mr. Weiss' time records appear otherwise.

(5) *The customary fee for like work.* As stated previously, there is no customary fee in a Chapter 13 case, but based on this Court's experience and the disclosed rates of both Chapter 13 counsel and paralegals, Mr. Weiss' rate of $495.00 per hour is substantially higher than the rate typically charged in a Chapter 13 case for an attorney with comparable skill and experience.

(6) *The attorney's expectations at the outset of the litigation.* Mr. Weiss states in the Fee Application that he was hoping to successfully resolve the issues involving the Debtor's ex-

spouse. Mr. Weiss indicated to the Court that he took the case on an hourly basis rather than the presumptive flat fee because he anticipated a protracted domestic dispute, but he was able to successfully accomplish his goals with less time and effort than originally expected.

(7) *The time limitations imposed by the client or the circumstances.* Not Applicable.

(8) *The amount in controversy and the results obtained.* In the Fee Application, Mr. Weiss states that this was not a "significant" issue in this case. However, Mr. Weiss is to be commended for facilitating an expeditious resolution of the domestic dispute and obtaining confirmation of the Chapter 13 Plan.

(9) *The experience, reputation and ability of the attorney.* Mr. Weiss has considerable bankruptcy experience and has a good reputation.

(10) *The undesirability of the case within the legal community in which the suit arose.* Mr. Weiss states in the Fee Application that many bankruptcy attorneys do not want to handle domestic disputes and that the case was not a "cookie cutter" case. The Court does not doubt that some bankruptcy practitioners would shy away from cases involving domestic disputes.

(11) *The nature and length of the professional relation between attorney and client.* Not applicable.

(12) *Attorney's fees awards in similar cases.* This Court believes that the fee requested is significantly higher than attorney's fees awards in similar cases. The vast majority of Chapter 13 cases result in an award prescribed by Appendix F of the Local Rules or a significantly lower blended hourly rate.

After considering the *Johnson* factors, this Court finds that $9,300.00 is a reasonable fee award in this particular case. Although the Court recognizes the presence of the domestic dispute is not typical in a Chapter 13 case, Mr. Weiss did not provide time records evidencing

that he spent a significant amount of time resolving these issues.  Additionally, Mr. Weiss spent at least 4.2 hours completing tasks that could have been performed by a paralegal, associate, or at a reduced administrative rate.  Nonetheless, because the presence of the domestic dispute made the case less desirable and Mr. Weiss applied his knowledge and experience in Chapter 13 cases to resolve the dispute expeditiously, the amount of $9,300 sufficiently rewards Mr. Weiss for taking on an undesirable case and reaching a successful result.

## V. Conclusion

Mr. Weiss' fee request for $14,602.50 in fees and $211.50 in expenses is reduced to $9,300.00 in fees and $211.50 in expenses.  This Court believes that this amount is reasonable based on the *Johnson* factors.  An order consistent with this memorandum will be entered contemporaneously herewith.